## BAILEY, Assignee, vs. McINTYRE.

[MOTION TO DISMISS APPEAL.]

1. *Appeal; when will be stricken from the docket.*—The defendant in a suit, having become bankrupt, his assignee was made a party in his stead, and judgment was rendered against him. The debtor took an appeal in the name of the assignee, but without his consent,—*held*, that such an appeal will be stricken from the docket on motion of the appellee.

THIS was a motion, by the appellee, to dismiss the appeal in this cause, " on the ground that the appeal was taken without the knowledge, authority, or consent of the appellant, and appellant prays that the appeal may be dismissed." In support of the motion, appellee filed the following statement:

" In this cause, the undersigned was, by his own consent, made a party defendant (in the court below), before judgment, for the purpose of enabling the plaintiff below to ascertain what was due him on his claim. The appeal has

been taken without his knowledge, authority, or consent, and he prays the same may be dismissed."

JOHN F. BAILEY, Assignee, &c.

The facts alleged in the statement of appellant were admitted to be true.

S. J. CUMMINGS, *pro motion.*

E. S. DARGAN, *contra.*

[No briefs came into the reporter's hands.]

B. F. SAFFOLD, J.—The right of appeal from a final judgment of the chancery, circuit, or probate courts, to the supreme court, seems to be confined to the parties to the judgment, or decree.—Revised Code, § 3485.

The bankrupt act of 1867, provides that the assignee of a bankrupt, if he requires it, shall be admitted to prosecute, in his own name, any action pending in the name of the debtor for the recovery of the debt, or other thing, which might or ought to pass to the assignee by the assignment.—Bankrupt Act, § 16. But no provision is any where made, in the act, for his becoming a party defendant in a State court.

The act further provides that no creditor whose debt is provable under the act, shall be allowed to prosecute to final judgment any suit at law, or in equity, therefor against the bankrupt, until the question of the debtor's discharge shall have been determined; but that such suit shall be staid on application of the bankrupt. The suit, by leave of the court in bankruptcy, may proceed to judgment for the purpose of ascertaining the amount due.— Section 21.

As the judgment appealed from, in the name of the assignee in bankruptcy, is not against the debtor, and the creditor, if his debt is provable, could not have a judgment against him prior to the determination of the question of his discharge, it is not seen how he can be hurt by the judgment against the assignee.

The motion of the appellee is granted, and the cause is ordered to be stricken from the docket.